FILED
JEFFREY A. APPERSON, CLERK
MAR 10 2009
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:07CV-463-JHM

THERESA BOHR                                                PLAINTIFF

V.

MATTHEW LEITTERMAN                                          DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved her case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return

-- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving her case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendant.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)   Arguments and statements by lawyers are not evidence;

2)   Questions and objections by lawyers are not evidence;

of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an expert witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you

4

## II. RULES OF LAW

## INSTRUCTION NO. 1

It was the duty of Defendant, Matthew Leitterman, in backing his automobile out of the place where it had been parked to exercise ordinary care for the safety of other persons and vehicles using the parking lot, and this general duty included the following specific duties:

(a) to keep a lookout for other persons and vehicles in or approaching so near to his intended line of travel as to be in danger of collision;

(b) to have his automobile under reasonable control; AND

(c) to exercise ordinary care generally to avoid collision with other persons or vehicles using the parking lot.

If you are satisfied from the evidence that when the collision occurred the Defendant failed to comply with one or more of the foregoing duties, and if you are further satisfied from the evidence that such failure was a substantial factor in causing the collision with Plaintiff's automobile, you will find for the Plaintiff. Otherwise, you will find for the Defendant.

## INSTRUCTION NO. 2

It was the duty of Plaintiff, Theresa Bohr, in driving her automobile to exercise ordinary care for her own safety, and this general duty included the following specific duties:

(a) to keep a lookout for other persons and vehicles in or approaching so near to her intended line of travel as to be in danger of collision;

(b) to have her automobile under reasonable control;

(c) to drive at a speed no greater than was reasonable and prudent, having regard for the traffic and for the condition and use of the parking lot;

(d) to sound her horn as a warning to other drivers of her approach if you are satisfied from the evidence that such precaution was required by the exercise of ordinary care; AND

(e) to exercise ordinary care generally to avoid collision with other persons and vehicles using the parking lot.

If you find for the Plaintiff, Theresa Bohr, under Instruction No. 1 but are also satisfied from the evidence that she failed to comply with one or more of the foregoing duties, and that such failure on her part was a substantial factor in causing the accident, you will determine from the evidence what percentage of total fault was attributable to Plaintiff.

If you find both the Plaintiff and the Defendant at fault, you must determine from the evidence and indicate what percentage of the total fault was attributable to each of them. In determining the percentages of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between that conduct and the damages claimed.

## INSTRUCTION NO. 3

The term "ordinary care" as used in these Instructions means such care as you would expect an ordinarily prudent person to exercise under the same or similar circumstances.

## INSTRUCTION NO. 4

If you find for the Plaintiff, Theresa Bohr, then you will determine from the evidence whether the Plaintiff as a result of the collision that occurred on August 25, 2003, incurred reasonable charges in excess of One Thousand Dollars ($1,000) for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, and other remedial treatment and care. You will also be asked to determine whether the Plaintiff, Theresa Bohr, as a result of the collision that occurred on August 25, 2003, suffered an injury or disease consisting, in whole or in part, of a permanent injury with reasonable medical probability or a permanent loss of bodily function.

# INSTRUCTION NO. 5

If you find for the Plaintiff, then you will determine from the evidence and award the Plaintiff such sums of money as will fairly and reasonably compensate her for such of the following damages as you believe from the evidence she has sustained directly by reason of the August 25, 2003, accident:

1) Past reasonable medical expenses, not to exceed $6,258.60;

2) Future reasonable medical expenses, not to exceed $10,000;

3) Past lost earnings, not to exceed $6,000;

4) Loss or impairment of her power to earn money in the future, not to exceed $50,000; and

5) Pain and suffering, not to exceed $50,000

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

You must determine the amount of damages without regard to percentages of fault you may attribute to any party.

## III. JURY DELIBERATIONS

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

11

can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.